# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEBBIE MARIE FERGUSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) Case No. CIV-09-286-R ) ) ) ) |
| Defendant. | ) ) |

# FINDINGS & RECOMMENDATION
# OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits (DIB) under 42 U.S.C. §§416(i) and 423. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED for further administrative proceedings.**

## PROCEDURAL HISTORY

Plaintiff protectively filed her application for DIB on October 26, 2004 alleging that she had been disabled since July 23, 2002 (TR. 16). The application was denied on initial consideration and on reconsideration at the administrative level (TR. 16). Pursuant to Plaintiff's request, a hearing *de novo* was held before an ALJ on October 25, 2006 (TR. 687-711). The Plaintiff appeared in person and with her attorney and offered her testimony in support of the application (TR. 692-707). A vocational expert (VE) testified at the request of the ALJ (TR. 707-710). The ALJ issued his decision on March 12, 2007 finding that Plaintiff was not entitled to DIB (TR. 16-22). The Appeals Council

denied the Plaintiff's request for review on January 16, 2009, and thus, the decision of the ALJ became the final decision of the Commissioner (TR. 5-7).

## STANDARD OF REVIEW

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (*citations omitted*). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*citations omitted*). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (*citations omitted*). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (*citations omitted*). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (*citations omitted*).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (*citations omitted*).

## DISCUSSION & FINDINGS

In addressing the Plaintiff's disability application the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520. At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date, so the process continued (TR. 18). At step two, the ALJ concluded that Plaintiff had the following severe impairments: Peripheral neuropathy and hypertension (TR. 18). At step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments which meets or equals any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 19). At step four, the ALJ found that Plaintiff was unable to perform any of her past relevant work (PRW) (TR. 21).

At the point that step five is reached, a disability preventing prior work activity has been shown and the burden shifts to the Commissioner to show that the claimant retains the ability to perform an alternative work activity which exists in the national economy. *Sorenson v. Bowen*, 888 F.2d 706, 710 (10th Cir. 1989); *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). The ALJ found that Plaintiff retained the RFC to perform sedentary work as reduced by Plaintiff's "limited use of dominant hand" (TR. 19). The ALJ used Medical Vocational Rule 204.00 as a framework for decision making and considered the testimony of the VE in determining that the job of "telephone solicitor" was a job existing in significant numbers in the national economy which could be performed by Plaintiff (TR. 22). Thus, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act and was therefore not entitled to DIB (TR. 22).

On appeal to this Court, Plaintiff alleges that the Commissioner erred by failing to meet his burden at step five to identify a job that Plaintiff could perform given her RFC (See Plaintiff's Brief at pages 4-8). Specifically, Plaintiff argues that she cannot perform the job of telephone solicitor because of her limited use of her dominant hand (See Plaintiff's Brief at pages 6-7).

Before an ALJ may rely on expert vocational evidence as substantial evidence to support a determination of nondisability, the ALJ must ask the expert how his or her testimony as to the requirements of identified jobs corresponds with the DOT, and elicit a reasonable explanation for any discrepancy on this point. *Haddock v. Apfel*, 196 F.3d 1084, 1087 (10th Cir. 1999). An ALJ is required to use information provided by the DOT to assess occupational skill requirements, but it is evident that the DOT's "information about skills must be massaged, if you will, into the agency's classifications. 20 C.F.R. 404.1568; *Haddock* at 1089. Here, as in *Haddock*, the ALJ did not ask the VE to explain her thought process, but settled for a summary conclusion.

The ALJ posed a hypothetical to the VE which included, among other restrictions, that Plaintiff could perform only sedentary work and "who's dominant hand is impaired" (TR. 708). The VE's response to the hypothetical yielded only one job of "telephone solicitor" (DICOT 299.357-

3

014) (TR. 709). The VE specifically offered only that "Another job which is sedentary and can be done with the use of the non dominant in computer keying would be telephone solicitor" (TR. 709). The DOT description of the job, Telephone Solicitor, provides that the job involves using a keyboard, keying data into a computer and typing reports. The DOT's companion volume, the *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (SCO) identifies the job of Telephone Solicitor as involving occasional reaching and handling, and frequent fingering. Both the DOT and the SCO are silent as to whether these activities may be accomplished one-handed. Absent specific testimony from the VE as to whether this Plaintiff's RFC would allow Plaintiff to engage in occasional reaching and handling, and frequent fingering, given the limitations to her dominant hand, this case defies judicial review. As in *Haddock* the ALJ did not elicit enough evidence with regard to Plaintiff's abilities for the Court to assess whether there is a conflict between the DOT (SCO) and the VE's testimony on that job requirement. The VE's failure to specifically discuss the effects of Plaintiff's dominant hand impairment on the job of telephone solicitor and to further discuss how that impairment might erode the number of jobs available as a telephone solicitor violates *SSR 00-4p* which requires the ALJ to explain the resolution of the conflict between the DOT (SCO) and the testimony of the VE.

The ALJ's hypothetical in combination with the VE's testimony produce such ambiguity at step five of the process that the Commissioner fails to sustain his burden of proof.

Thus, it appears that the Commissioner's conclusions at step five are not supported by substantial evidence.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is not supported by substantial evidence and should be **REVERSED AND REMANDED for further administrative**

**proceedings**. The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28 U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a judgment of the district court based upon these findings and recommendation. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

ENTERED this the 26th day of April 2010.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE