# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEBBIE MARIE FERGUSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-09-286-R |
| MICHAEL J. ASTRUE, | ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court are the Findings and Recommendations of United States Magistrate Judge Shon T. Erwin entered April 26, 2010 [Doc. No. 19] and the Commissioner's Objection thereto filed the same day. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court has reviewed the Findings and Recommendation of the Magistrate Judge *de novo* in light of the Commissioner's Objection.

The Court agrees with the Magistrate Judge that "[t]he VE's failure to specifically discuss the effects of Plaintiff's dominant hand impairment on the job of telephone solicitor and to further discuss how that impairment might erode the number of jobs available as a telephone solicitor violates SSR 00-4p which requires the ALJ to explain the resolution of the conflict between the DOT (SCO) and the testimony of the VE." Findings and Recommendations at p. 4. The requirement that the ALJ ask the vocational expert (VE) how his or her testimony as to the requirements of an identified job correspond with the DOT and elicit a reasonable explanation for any discrepancy in that regard, *see Haddock v. Apfel*, 196 F.3d 1084, 1087 (10th Cir. 1999), is not overly burdensome, as the Commissioner argues.

But *see Gibbons v. Barnhart*, 85 Fed. Appx. 88, 93 (10th Cir. 2003)(cited by the Commissioner). Although the VE in this case testified that the job of telephone solicitor could be done with the use of the non-dominant hand, it is difficult to reconcile that testimony with the DOT description of that job as involving using a keyboard, keying data into a computer and typing reports and the SCO's description of the job of telephone solicitor as involving occasional reaching and handling, and frequent fingering.

For the reasons explained by the Magistrate Judge, the case must be reversed and remanded for further proceedings consistent with the Magistrate Judge's Findings and Recommendation and this Court's Order. Further, although the VE testified to other jobs the claimant could perform, the ALJ never mentioned or addressed that fact in his decision. Those jobs should also be addressed in the subsequent decision.

In accordance with the foregoing, the Findings and Recommendation of the Magistrate Judge are ADOPTED in the entirety, the decision of the Commissioner denying disability insurance benefits is REVERSED and this case is REMANDED for further administrative proceedings consistent with the Findings and Recommendations of the Magistrate Judge and this Order.

IT IS SO ORDERED this 30th day of April, 2010.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE