IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DEBBIE MARIE FERGUSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. CIV-09-286-R |
| | ) |
| **MICHAEL J. ASTRUE, Commissioner,** | ) |
| **Social Security Administration,** | ) |
| | ) |
| **Defendant.** | ) |

**O R D E R**

Before the Court is Plaintiff's Application for Award of Attorney Fees Pursuant to the Equal Access to Justice Act [Doc. 32]. Plaintiff's attorney submits that he is entitled to an award of fees for legal work on the merits pursuant to 42 U.S.C. § 406(b). He requests an award of attorney's fees in the amount of $19,500.00 for 28.2 hours of attorney work.

Plaintiff and her counsel entered into a contingent fee agreement for federal court work equal to 25% of past due benefits. This represents the maximum recovery permitted by § 406(b), but the Court cannot award an unreasonable amount of fees. In this case, although the legal work performed by Plaintiff's counsel was of a professional quality and resulted in a remand to the Social Security Administration, the Court concludes that counsel's request for fees is excessive in light of the efforts expended by counsel in federal court litigation. Specifically, counsel prepared the complaint and requisite filing papers and only a single brief. No reply brief was filed and no objection was required in response to the report and recommendation of the Magistrate Judge because the recommendation was for remand to the Commissioner. It is true that Plaintiff ultimately was awarded over

$115,134.00 in past benefits. The Court finds, consistent with the recommendation of the Commissioner, that $14,734.20 is an appropriate fee in this case, which represents an hourly rate of $522.49, an amount suggested by Plaintiff's counsel himself.[1] The Court finds the requested § 406(b) attorney fee of $19,500.00 is unreasonable for the work performed in this case before this Court, although it does not exceed the maximum allowable fee. *See generally McGraw v. Barnhart*, 450 F.3d 493 (10th Cir. 2006). The Court hereby awards counsel $14,734.20 in fees pursuant to § 406(b), subject to the condition that upon receipt of such fees, Plaintiff's counsel shall immediately refund to Plaintiff $4,785.60 in EAJA fees previously paid by Plaintiff to counsel.

      IT IS SO ORDERED this 31st day of July, 2012.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] Counsel obtained this number by subtracting the prior EAJA fee award from his current request and dividing by hours expended. The Commissioner construes this as a representation by Plaintiff's counsel that $522.49 is an appropriate hourly rate in this contingency fee case, and the Court agrees. There will, however, be no adjustments in this case with regard to the EAJA fee. Counsel must remit the EAJA fees to Plaintiff.